Bigger, J.
The case is submitted on the plaintiff’s demurrer to the second, third, fourth, fifth ,and seventh defenses of the third amended answer. The action is brought by the treasurer to recover about $95,000 from the defendant company as taxes claimed to *244 be due from the defendant by reason of additions made to the returns of the defendant company for the years 1899, 1900, 1901, 1902, 1903 and 1904, and the statutory penalty.
The second defense alleges that this action is brought under and by virtue of the provisions of Section 2859, Revised Statutes, and it is said that this section of the statutes is unconstitutional and void in that it provides for and permits the depriving of the defendant of its property without due process of •law and denies to the defendant the equal protection of the laws; and that it guarantees or attempts to guarantee to the state special immunities and privileges as against its citizens, which are not granted or secured to the said citizens.
It has frequently been held by this court that this act is not unconstitutional and therefore the demurrer to the second defense must be, sustained and it is unnecessary to discuss it further.
The third defense, in substance, charges that the investigations and hearings, as a result of which the said auditor charged the defendant upon the tax duplicate with this large amount of back or omitted taxes, were not held or had by L. E. Jones, the duly elected, qualified and acting auditor of Franklin county, but that, on the contrary, the said investigations and hearings were had and held by one Bailey W. G-ilfillan, who was then tax inquisitor in and for Franklin county.
This was held upon a former submission to be a good defense. I understand it to be an established rule that where the auditor acts purely .arbitrarily and without any evidence or knowledge of his own of the facts, in making additions to tax returns, that it will not form the basis for a recovery; and this defense in substance charges that this addition was not made by the county •auditor, but by Gilfillan; that it was his act instead of the act of the auditor.
That this w.as the view taken by Judge Dever, the trial judge, in the case of Wells, Treasurer, v. Adair, is evident from the charge given to the jury, and which is embodied in the brief of counsel for plaintiff in this case. Judge Dever said to the jury: ‘ ‘ If the auditor had no facts or. evidence upon which to base his action in making such additions, that also will be an end to the *245 case and your verdict must be for the defendant.” That is, in substance, what this defense alleges, that the auditor did not make any investigation, but that it was made entirely by Gil-filian. This court has heretofore held this defense to be good, therefore the demurrer to it is overruled.
The fourth defense, in brief, states that no testimony or evidence whatever was adduced at any investigation before the auditor, and that the action of the auditor was taken without any evidence whatever and was not supported by any evidence.
The statute, however, does not require the auditor to take testimony or hear evidence, in the ordinary meaning of these terms. The auditor does not act in a judicial capacity. It is true he is empowered to subpoena persons whom he may suppose to have a knowledge of the facts to appear before him, and he may examine them. The statute empowers him to do this, but does not require it. It is left to the discretion of the auditor as to what steps he shall take to inform himself of the facts, and it is not a defense, therefore, to say that he did not take any testimony or evidence. He is required to do two things by the statute, to give notice to the owner, and to file a statement of the facts or evidence upon which he bases his action. I coneludé that the facts stated in this fourth defense of the third amended answer do not state a valid defense and the demurrer to the fourth defense is sustained.
The fifth defense and the seventh defense are the two defenses which form the basis of most of the argument of counsel on this submission. Elaborate briefs have been filed pro and con, and I have given to them that consideration which the importance of the case demands. These briefs leave little to be said on either side and any lengthy discussion upon my part would add but little to what has been said. After very careful consideration I am of opinion the facts stated in the fifth defense do not consitute a valid defense, but that the facts pleaded in the seventh defense do constitute a complete defense.
The fifth defense, in substance, charges that the defendant was not given that notice which the statute required. The notice is in this language:
*246 "Auditor’s Office, Franklin County, Ohio, Columbus, Ohio, March, 1905, Wolfe Brothers Shoe Company. Sirs: Information having been filed against you by B. W. Gilfillan, Esq., the agent employed by the authority of the 'statutes of Ohio, for Franklin county, Ohio, you are hereby notified to appear before me, the undersigned, at the auditor’s office in said county, on Monday, the thirteenth day of March, 1905, at 2 o’clock p. m., and show cause why the amount in valuation of the moneys, credits, investments in bonds,' stocks, joint stock companies, and other personal 'property as returned by you to the auditor of Franklin county, Ohio, for the years 1899, 1900, 1901, 1902, 1903 and 1904, shall not be increased, otherwise your return to said auditor will be corrected in the manner provided by law. L. E. Jones, County Auditor.”
It is the contention of the defendant’s counsel that the statute requires the notice to be given to the defendant of the fact that the auditor had concluded to increase the return of personal property of the person whose property is to be listed, and that this notice does not advise the defendant that the auditor had concluded to increase the values, but only that he had determined to investigate the matter. It is the contention of the plaintiff’s counsel that it is sufficient notice if it advises the person whose property is to be listed -that the proceeding is against him and that he be informed that he is required to appear and answer.
After a careful consideration of the question here and the authority cited, I am of the opinion that the notice in this case was sufficient. In the case of Gager, Treasurer, v. Prout et al, 48 Ohio State, 89, there were two notices, but it was not decided that two notices were necessary. The syllabus states this to be the law upon the subject of notice:
"No particular style for the proceeding, or form of notice, is prescribed, and it is sufficient if the notice fairly informs the party of the nature of the proceeding and the capacity in which he is required to appear and answer.”
This, in itself, seems to me to be conclusive of the question.
Judge Minshall says, at page 110:
"Taking these notices together and it fairly appears that the proceeding was against the estate of Mary Barney, deceased; and that what they were required to answer was as to the returns *247 made by her in her lifetime, and not as to their individual returns. That they so understood it at the time, appears from their subsequent conduct; and that is enough.”
In Musser v. Adair, 55 O. S., 466, Judge Minshall says, beginning at page 475:
“Notice must be given, for the statute requires it; but it is not important how the notice is served, if the party have a fair opportunity to be heard before the auditor placed the additions upon the duplicate for collection. ’ ’
The Circuit Court of Coshocton County, in the case of Lee v. Dawson, 8 Circuit Court, 365, had this question of sufficiency of notice before it. Judge Jenner said: She knew then that it was the intention of the auditor to investigate or ascertain whether' or not her own property and that of her mother had been properly returned for taxation, and on this fact he would -not hesitate to find that Elizabeth Lee should be bound by notice to her agent, even if the notice did not state just what was intendéd by the investigation.”
The Circuit Court of Scioto County, in the ease reported briefly in the 29th Weekly Law Bulletin, at pages 205 and 206, held that the auditor must inform the tax-payer in his notice wherein the returns are false and what amount of taxes he proposes to certify to the treasurer for collection. But even if that view be correct, that the auditor must notify the person whose property is about to be listed of his intention to make an increase; in my opinion this notice can hardly be construed otherwise than as a notice that it is the auditor’s intention to increase the tax return of the defendant. The notice begins with the statement:' “Information having been filed against you.” Here is notice that the information is adverse; it is against the defendant. Then it continues: “You are hereby notified to appear before me, the undersigned, at the auditor’s office, and show cause why the amount in valuation of the moneys, credits, and so forth, shall not be increased. ’ ’ This, it seems to me, was notice that a complaint had been made against the defendant and that its 'return would be increased unless it showed cause to the contrary. Without going at greater length into the discussion of the matter, I am of the opinion that the notice given was sufficient.
*248 As has already been cited,.the statute requires the auditor to do two things. These are mandatory requirements of the statute and must be complied with. One of these is that the auditor shall file in his office a statement of the facts or evidence upon which he makes such correction. It is this requirement of the statute which the seventh defense pleads the auditor did not comply with. This seventh defense sets out the written statement filed by the auditor and it is the contention of the defendant that this is not a compliance with the statute and I am clearly of the opinion, after careful consideration, that it is not a compliance with the statute. In substance, it recites that the auditor had reason to believe and was informed that the defendant had made false returns for these years; that a notice had been served on the defendant to appear before the auditor and that the defendant had failed to appear; that the auditor had proceeded to take testimony as to the correctness of the returns for the years in question and that evidence was offered in support of the information filed against the defendant, but that no evidence was offered on behalf of the defendant. The auditor then states substantially that he finds from information and testimony which he finds to be competent and sufficient, that the returns were false, and that the defendant should have returned for these years as and for its true return of its personal property, which includes the real estate used in its daily operation (using the language of the statute), certain sums named for those years; that it only returned certain sums named for those years; and then States that it is therefore charged in the following sums on the duplicate. Now, taking this entire statement and it conveys no further information than that the auditor had concluded that he would increase the returns of the defendant, without stating any facts or any evidence upon which he acted. That of course would be apparent from the entry without the filing of any statement of facts. If something more than that was not contemplated by the statute, why was there any requirement that the auditor should file a statement of the facts or evidence upon which he makes the addition, in addition to making the entry. Judge Minshall says,-in speaking of this requirement of the statute:
*249 “It was most probably designed as information to the taxpayer; and also, as a cheek on inconsiderate haste; as men always act with more care, when they are required to state their reasons. ’ ’
In my judgment the main reason for this requirement is that first stated by Judge Minshall — the information of the property owner. It may often happen that the property owner will not care to appear before the auditor, for the reason that he may be of opinion it would be useless to resist before the auditor, or for some other reason, and in such case it is of the highest importance to him when he comes to bring his action to restrain the collection of the tax or to resist its collection, when as in this case he is sued, that he may know what the facts were upon which the auditor acted. Did the auditor add other property to that returned by the property owner, or did he increase the valuation of that already returned; or both? What property did he add to the return, if he did add any; what valuations were increased, if he increased the valuations of property already returned; did the auditor increase the amount of cash in bank owned by the defendant, or did he find that it had credits which it had failed to return? The importance of this statement of facts by the auditor clearly appears in an action such as this is.
Among other methods provided for the collection of taxes is that provided by Section 2859, Revised Statutes. This statute provides that it shall be sufficient, after having made proper parties, to allege that the taxes stand charged on the duplicate, and that they are due and unpaid, and that such person is indebted to the amount appearing on the duplicate, and the treasurer can not be required to plead more. Then, further, it is provided that upon the trial the duplicate shall be received as prima facie evidence of the amount and validity of such taxes.
This action is brought under and by virtue of this statute. It is evident that the defendant, by reason of the failure of the auditor to state the facts upon which he acted in this matter, in this so-called statement, is taken at great disadvantage. The usual requirement of pleadings which advise the opposite party of the facts are, in such an action as this, dispensed with and the *250 usual rules of evidence are so far modified that the mere fact that the auditor has entered the taxes on the books, is evidence that the amount there entered is correct and that it is a valid charge. In attempting to make defense it is evident that where the auditor has failed to state the facts a defendant will be left to grope in the dark. This statute provides that the mere fact that they are charged on the duplicate is evidence that they are valid, but from what source they come the defendant in such ease is not advised. To attempt to meet such a case by a defense in court would seem to be practically impossible. Did the auditor find that the defendant had a large deposit in some bank in New York or Chicago? If the auditor so found and had stated the fact in his statement it would be easy to meet such a case by proof, but how can it be met if the auditor has locked up in his own breast the facts? Did the auditor find that the defendant owned a large amount of credits which it had not returned ? His finding by virtue of the statute overrides the return as to the facts made by the defendant under oath. How will it meet such a case without knowledge of what the auditor had found? The pleading in this case gives the defendant no information, and the only source from which it could get the information is the statement required to be filed by the auditor.
I have carefully analyzed this statement filed, and it furnishes no more information to- the defendant than would be furnished by the entry itself of the increase. You may read it over from beginning to end and you will find no information except that the auditor had concluded to increase the return of the defendant, and that of course the entry itself shows. It does not, I think, show even that the auditor had included the real estate used in the daily operation of the plant, although he would be warranted under the statute in that. It is apparent the auditor simply used the language of the statute in this statement of fact. The defendant says that it did not return its real estate used in the daily operation of its business, but the auditor, in his statement in reciting what the defendant had returned, uses the same language of the statute, that the defendant had returned money, credits, and other personal property, which includes the real estate used in its daily operation. That this *251 statement filed by tbe auditor is insufficient under the .statute is, I think, clearly decided by the circuit court in the case of Hayes v. Yost, 4 C.C.(N.S.), 445, and Ratterman v. Niehaus, 4 C. C., 505. In those eases the circuit court was construing the provisions of Section 2807, which contains the same provision with reference to filing a statement by the boards of review and of equalization. I am unable to perceive any difference in principle between the requirements of these two sections of the statute. If mandatory in one ease, it certainly is in the other, and that it is of the very highest importance to a taxpayer, when he is sued under Section 2859, is evident.
Without spending more time in the discussion of this question, I have reached the conclusion that the statement which is set out at length in the seventh defense contains no facts which the statute requires to be stated for the information of the taxpayer, and that this is fatal .to the action of the auditor in attempting to make this addition to the defendant’s return. For the reasons stated, the demurrer to the seventh defense must be overruled.